NH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yuniel Llufrio, <br><br>　　　　　　Petitioner, <br><br> v. <br><br> Unknown Party, et al., <br><br>　　　　　　Respondents. | No. CV-26-00854-PHX-DJH (MTM) <br><br> **ORDER TO SHOW CAUSE** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[1]

Petitioner is a citizen of Cuba who entered the United States 30 years ago. At some point, Petitioner's Lawful Permanent Status was revoked due to criminal offenses, and in 2006, an Immigration Judge ordered him removed. Since the issuance of the removal order, Petitioner claims he "has consistently complied with every [Immigration and Customs Enforcement (ICE)] reporting requirement, maintain[ed] a stable residence, fil[ed] tax returns, and present[ed] himself for scheduled check-ins."

Petitioner claims that ICE arrested him on June 12, 2025 "solely on the basis of the 2006 removal order." Petitioner has been detained in ICE custody ever since, and asserts the government has not taken any steps to effectuate his removal. Petitioner challenges his

---

[1] In addition to his Petition, Petitioner also filed a Motion for Temporary Restraining Order (Doc. 2). Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief at this juncture. Therefore, the Court will deny the Motion without prejudice.

present immigration detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), arguing his detention is prolonged and there is no significant probability of his removal in the reasonably foreseeable future. (Doc. 1.)

The Court will dismiss Respondent Field Office Director of the United States Immigration and Customs Enforcement San Diego Field Office because a petitioner for habeas relief must name the official having custody of him as a respondent to the petition. *See Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. Calif. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994)) (emphasis added).

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**Warnings**

**A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document she files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**IT IS ORDERED:**

(1)   Petitioner's *Ex Parte* Application for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(2)     The Clerk of Court must **substitute** Warden Luis Rosa, Jr. of the Florence Correctional Center for Respondent Warden of the Florence Correctional Center.

(3)     The Clerk of Court must **dismiss** Respondent Field Office Director of the United States Immigration and Customs Enforcement San Diego Field Office.

(4)     The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(5)     The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(6)     Respondents must show cause no later than **February 17, 2026**, why the Petition should not be granted.

(7)     Petitioner may file a reply no later than **February 24, 2026**.

Dated this 11th day of February, 2026.

Honorable Diane J. Humetewa
United States District Judge